CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

OCT 0 9 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KENNETH J. HARTMAN, | ) | Civil Action No. 7:08-cv-00209 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

Petitioner Kenneth J. Hartman, a Virginia inmate proceeding pro se, brings this habeas

petition pursuant to 28 U.S.C. § 2254. Hartman challenges the validity of his confinement

resulting from his 2003 convictions in the Circuit Court of Rockingham County for possession of

methamphetamine, possession of methamphetamine with intent to distribute, and possession of a

firearm while in possession of a Schedule I or II drug. He is currently serving the twenty-five

year prison term imposed for those convictions. Hartman claims that his trial and appellate

counsel were constitutionally ineffective. Respondent filed a motion to dismiss the petition. The

court notified Hartman of respondent's motion as required by Roseboro v. Garrison, 528 F.2d

309, 309 (4th Cir. 1975), and warned Hartman that judgment might be granted for the respondent

if he did not respond to the motion. Hartman did not respond. However, the time allotted for his

response has expired, making the matter ripe for the court's consideration. After reviewing the

state court records, the court concludes that the motion to dismiss must be granted.

I. Background

After his convictions in the Circuit Court of Rockingham County, Hartman filed a direct

appeal to the Court of Appeals of Virginia and the appeal was denied. After the time expired to

appeal to the Supreme Court of Virginia, Hartman filed a petition for a writ of habeas corpus

with the Supreme Court of Virginia. The Court granted Hartman a delayed direct appeal because

of ineffective appellate counsel, and the Court dismissed without prejudice his remaining habeas

claims. The Supreme Court of Virginia subsequently denied Hartman's direct appeal, and

Hartman filed another petition for a writ of habeas corpus to the Supreme Court of Virginia.

Hartman raised the same issues that were dismissed without prejudice in his first habeas petition.

On November 29, 2007, the Supreme Court of Virginia granted the respondent's motion to

dismiss Hartman's habeas petition. Hartman now seeks federal review.

In his instant § 2254 petition, Hartman claims that:

1.  His trial counsel should have expanded his investigation to other areas, visited the crime scene, and interviewed a witness;
2.  His appellate counsel was ineffective for failing to timely appeal the denial of his motion to suppress;
3.  His trial counsel was ineffective for failing to request a continuance after discovering the original microcassette;
4.  His trial counsel was ineffective for failing to discover that the Commonwealth Attorney had a better quality copy of recorded conversations than what the Commonwealth provided during discovery; and
5.  His trial counsel was ineffective for failing to preserve at trial the issue of severance and that appellate counsel was ineffective for failing to timely file the transcript of the severance hearing.

## II. Discussion

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see

Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to

reexamine state-court determinations on state-law questions."). Federal courts may not grant

writs of habeas corpus to petitioners in state custody unless the petitioners have first exhausted

their state remedies by presenting their claims to the highest state court. 28 U.S.C. § 2254(b)(1).

To properly present claims to state courts, petitioners must discuss "operative facts and the

2

controlling legal principles[.]" Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted).

A.

If petitioners do not present their claims to the highest state court, federal courts will consider those claims exhausted if they clearly would be procedurally barred under independent and adequate state law grounds. Gray v. Netherland, 518 U.S. 152, 161 (1996). Federal courts may not subsequently review those exhausted, defaulted claims because the claims are considered adjudicated on independent and adequate state law grounds. Id. See Teague v. Lane, 489 U.S. 288, 298-99 (1989). However, petitioners may be excused from their procedural default if they can demonstrate cause and prejudice for the default or that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 749 (1991) (internal quotation marks omitted).

Hartman did not present to the Supreme Court of Virginia the claims that his counsel should have expanded his investigation, visited the crime scene, and interviewed a witness (claim 1) and that his counsel was ineffective for failing to perfect a timely appeal for the denied motion to suppress (claim 2). If Hartman went back to state court to raise these claims now, they would be barred under Slayton v. Parrigan, 215 Va. 27, 27 (1974). The Supreme Court of Virginia held in Slayton that "[t]he trial and appellate procedures in Virginia are adequate in meeting procedural requirements to adjudicate State and Federal constitutional rights" and that "[a] prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction." Id. at 30. The United States Court of Appeals for the Fourth Circuit has repeatedly held that the rule set

3

forth in Slayton constitutes an independent and adequate state ground for the denial of habeas relief. See, e.g., Fisher v. Angelone, 163 F.3d 835, 853 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998); Fitzgerald v. Greene, 150 F.3d 357, 366 (4th Cir. 1998). Therefore, these two claims are simultaneously exhausted and procedurally defaulted. Hartman did not present grounds to excuse his procedural default. Accordingly, the court dismisses his first and second claims.

B.

A federal court may not grant habeas relief as to claims adjudicated by state courts unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 376-77 (2000). An "adjudication on the merits" includes claims that were decided in state court, even in summary fashion. Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999). Hartman exhausted all three of the remaining claims in his second petition to the Supreme Court of Virginia for a writ of habeas corpus.

To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). If petitioners have not satisfied one prong of the Strickland test, courts do not need to inquire whether they have satisfied the other prong. Id. at 697. The first prong of Strickland requires petitioners to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The

4

second prong of Strickland requires petitioners to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Hartman alleges in his third claim that his constitutional right to effective counsel was violated because counsel failed to request a continuance after the Commonwealth offered into evidence at trial the microcassette recording of the informant's controlled buy. The Supreme Court of Virginia held that this claim did not satisfy either part of the Strickland test. Hartman v. Dir. of the Dep't of Corr., No. 071328, slip op. at 3-4 (Va. Nov. 29, 2007).

After reviewing the record, the court finds that the Supreme Court of Virginia's disposition of this claim was not contrary to, or an unreasonable application of, Strickland and was not based on an unreasonable determination of facts. The Supreme Court of Virginia noted that the trial transcript demonstrated that Hartman's counsel received a copy of the microcassette with a transcript of its contents. No argument was ever presented that the contents of the copy and the original differed. Furthermore, the trial court found the Commonwealth did not attempt to withhold exculpatory evidence. The trial court's factual finding is presumed to be correct because Hartman failed to rebut the presumption with clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). Since his counsel had no basis to request a continuance, Hartman failed to show deficient performance or actual prejudice under Strickland.

Hartman alleges in his fourth claim that his counsel should have known that the Commonwealth Attorney had a better quality copy of the recorded conversations than what the Commonwealth provided during discovery. The Supreme Court of Virginia held that the claim

5

did not satisfy the Strickland test. Hartman, No. 071328 at 2.

After reviewing the record, the court finds that the Supreme Court of Virginia's disposition of this claim was not contrary to, or an unreasonable application of, Strickland and was not based on an unreasonable determination of facts. The Supreme Court of Virginia noted that his counsel had received a copy of the microcassette and a transcript. Id. at 3. His counsel received the same copy of the microcassette that was in the Commonwealth Attorney's own file. Furthermore, the trial court determined that the difference in quality between the original microcassette and subsequent copies was not significant.[1] Id. at 3. The trial court's factual finding is presumed to be correct because Hartman failed to rebut the presumption with clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). Accordingly, Hartman failed to show deficient performance or actual prejudice under Strickland.

Hartman alleges in his fifth claim that his trial counsel was ineffective for failing to preserve at trial the issue of severance and that his appellate counsel was ineffective for failing to timely file the transcript of the severance hearing. The Supreme Court of Virginia held that the claim against trial counsel was meritless and that the claim against appellate counsel did not satisfy either part of the Strickland test. Hartman, No. 071328 at 7.

After reviewing the record, the court finds that the Supreme Court of Virginia's disposition of these claims was not contrary to, or an unreasonable application of, Strickland and was not based on an unreasonable determination of facts. The Supreme Court of Virginia noted that trial counsel properly preserved the severance issue when he moved to sever Hartman's trial from the co-defendant, argued at the severance hearing, and noted his exception when the trial

---

[1] The microcassette was not included in the state court record.

6

court denied his motion. Id. The Supreme Court of Virginia also noted that Hartman failed to provide the transcript with his petition for state habeas relief and that he did not demonstrate what evidence in the transcript would have proven how the trial court erred by denying his severance motion. Id. Accordingly, Hartman failed to show deficient performance or actual prejudice under Strickland for either claim.

### III. Conclusion

For the foregoing reasons, the court grants respondent's motion to dismiss petitioner's § 2254 petition. A separate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and counsel of record for the respondent.

**ENTER**: This _9th_ day of October, 2008.

United States District Judge

Case 7:08-cv-00209-GEC-mfu  Document 16  Filed 10/09/08  Page 7 of 7  Pageid#: 276